United States Bankruptcy Court for the:

_____ District of __Delaware_____
                         (State)

Case number (If known): _____ Chapter __11___

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Maxus Energy Corporation |
| 2. | **All other names debtor used in the last 8 years** <br><br>Include any assumed names, trade names, and *doing business as* names | N/A |
| 3. | **Debtor's federal Employer Identification Number (EIN)** | 7 5 - 1 8 9 1 5 3 1 |

| | | | |
|---|---|---|---|
| 4. | **Debtor's address** | **Principal place of business** <br><br> 10333 Richmond Avenue, Suite 1050 <br> Number       Street <br><br> Houston         Texas         77042 <br> City             State         ZIP Code <br><br><br> Harris <br> County | **Mailing address, if different from principal place of business** <br><br> _____ <br> Number       Street <br><br> P.O. Box _____ <br><br> _____ <br> City       State       ZIP Code <br><br> **Location of principal assets, if different from principal place of business** <br><br> _____ <br> Number       Street <br><br> _____ <br><br> _____ <br> City       State       ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | www.maxuscorp.net |
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding LLP) <br> ☐ Other. Specify: _____ |

Official Form 201       Voluntary Petition for Non-Individuals Filing for Bankruptcy       page 1

Debtor   <u>Maxus Energy Corporation</u>                                    Case number *(if known)*_____
                Name

| | | |
|---|---|---|
| **7.** | **Describe debtor's business** | A. *Check one:* |

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes

.  _2_  _1_  _1_  _1_

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.  District _____  When _____  Case number _____
                                         MM / DD / YYYY
        District _____  When _____  Case number _____
                                         MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.  Debtor <u>See Schedule 1</u>                    Relationship <u>Affiliate</u>
        District <u>Delaware</u>                         When   <u>06</u> / <u>17</u> / <u>2016</u>
                                                                MM  / DD / YYYY
        Case number, if known _____

Debtor   Maxus Energy Corporation   Case number *(if known)*_____
           Name

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number    Street

_____

_____   _____   _____
City                                      State   ZIP Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☒ 200-999 | | |

**15. Estimated assets**

| ☐ $0-$50,000 | ☒ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

Debtor  Maxus Energy Corporation  
Name

Case number (if known) _____

### 16. Estimated liabilities

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☒ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### 17. Declaration and signature of authorized representative of debtor

- ☒ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- ☒ I have been authorized to file this petition on behalf of the debtor.
- ☒ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  06 / 17 / 2016  
MM/DD/YYYY

X _____  Jose Daniel Rico  
Signature of authorized representative of debtor  Printed name

Title  President and Chief Executive Officer

### 18. Signature of attorney

X _____  Date  06 / 17 / 2016  
Signature of attorney for debtor  MM / DD / YYYY

Joseph M. Barry  
Printed name

Young Conaway Stargatt & Taylor, LLP  
Firm name

Rodney Square, 1000 North King Street  
Number    Street

Wilmington    Delaware    19801  
City    State    Zip Code

302-571-6600    jbarry@ycst.com  
Contact phone    Email address

4221    Delaware  
Bar number    State

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 4

**Schedule 1**

Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

As of the date hereof, each of the entities listed below (the "Debtors") filed a petition in this Court for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the number assigned to the chapter 11 case of Maxus Energy Corporation.

1. Maxus Energy Corporation

2. Maxus (U.S.) Exploration Company

3. Maxus International Energy Company

4. Tierra Solutions, Inc.

5. Gateway Coal Company

ny-1236320

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| MAXUS ENERGY CORPORATION, *et al.,*[1] | Case No. 16-_____ (___) |
| Debtors. | Joint Administration Pending |

**CONSOLIDATED LIST OF CREDITORS HOLDING
THE 20 LARGEST UNSECURED CLAIMS**

      Maxus Energy Corporation and certain of its affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code. The following is the consolidated list of the Debtors' creditors holding the 20 largest unsecured claims (the "Consolidated Top 20 List") based on the Debtors' books and records as of June 17, 2016. The Consolidated Top 20 List is prepared in accordance with rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in these chapter 11 cases. The Consolidated Top 20 List does not include (a) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101 or (b) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims on a consolidated basis. None of these creditors is a minor child. The information contained herein shall not constitute an admission of liability by, nor is it binding on, the Debtors. The information herein, including the failure of the Debtors to list any claim as contingent, unliquidated or disputed, does not constitute a waiver of the Debtors' rights to contest the validity, priority or amount of any claim at any later point as they deem appropriate.

---

[1] The Debtors in the above-captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Maxus Energy Corporation (1531), Tierra Solutions, Inc. (0498), Maxus International Energy Company (7260), Maxus (U.S.) Exploration Company (2439), and Gateway Coal Company (7425). The address of each of the Debtors is 10333 Richmond Avenue, Suite 1050, Houston, Texas 77042.

ny-1236916

| Creditor | Contact, Mailing Address & Telephone Number/Fax Number | Whether Claim is Contingent, Unliquidated, Disputed or Subject to Setoff | Nature of Claim | Amount of Claim[2] |
|---|---|---|---|---|
| Brown and Caldwell, Inc. | Attn: Authorized Person<br>P.O. Box 45208<br>San Francisco, CA 94145<br>Tel: 201-574-4700<br>Fax: 201-236-1607 | Contingent | Trade | $170,000 |
| Entact, LLC | Tina Rapp<br>East Oak Hill Dr., Ste. 102<br>Westmont, IL 60559<br>Tel: 630-413-9456<br>Fax: 630-986–0653<br>trapp@entact.com | Contingent | Trade | $170,000 |
| Viasant, LLC | Michael Rheintgen<br>854 E Algonquin Rd., Ste. 110<br>Schaumburg, IL 60173<br>Tel: 847-956-2000<br>Fax: 847-956-2052<br>mrheintgen@viasant.com | Contingent | Trade | $80,000 |
| Portland State University | Sponsored Project Administration<br>1825 SW Broadway<br>Portland, OR 97207<br>Tel: 503-725-9900<br>Fax: 503-725-4882<br>spa.green@pdx.edu | Contingent | Trade | $55,000 |
| The Woods Hole Group, Inc. | Robert Hamilton<br>81 Technology Park Dr. East<br>Falmouth, MA 02536<br>Tel: 508-540-8080<br>Fax: 508-540-1001<br>bhamilton@whgrp.com | Contingent | Trade | $50,000 |

---

[2] Dollar amounts of claims other than the claim of Hach Excavating & Demolition, Inc. are estimated amounts for work performed but not yet invoiced to the Debtors.

2

ny-1236916

| Creditor | Contact, Mailing Address & Telephone Number/Fax Number | Whether Claim is Contingent, Unliquidated, Disputed or Subject to Setoff | Nature of Claim | Amount of Claim[2] |
|---|---|---|---|---|
| EA Engineering, Science, and Technology, Inc. | Attn: Authorized Person<br>225 Schilling Cir., Ste. 400 Hunt Valley, MD 21031<br>Tel: 410-584-7000<br>Fax: 410-771-1625 | Contingent | Trade | $42,500 |
| Yu & Associates | Andrew Leung<br>200 Riverfront Blvd.<br>Elmwood Park, NJ 07407<br>aleung@yu-associates.com<br>Tel: 201-791-0075<br>Fax: 201-791-4533 | Contingent | Trade | $40,000 |
| Normandeau Associates, Inc. | Amy Bogart<br>25 Nashua Rd.<br>Bedford, NH 03110<br>abogart@normandeau.com<br>Tel: 603-637-1193<br>Fax: 603-472-7052 | Contingent | Trade | $30,000 |
| Hach Excavating & Demolition, Inc. | Attn: Authorized Person<br>2000 Fairport Nursery Rd.<br>Painesville, OH 44077<br>hachexc@att.net<br>Tel: 440-357-6071<br>Fax: 440-357-1183 |  | Trade | $25,400 |
| Field & Technical Services, LLC | Attn: Authorized Person<br>200 Third Ave.<br>Carnegie, PA 15106<br>Tel: 412-429-2694<br>Fax: 412-279-4512 | Contingent | Trade | $25,000 |
| University of Illinois | Office of Business & Financial Services - Grants & Contracts Office<br>506 S. Wright St.<br>209 Hab, Mc-3<br>Urbana, IL 61801<br>gcopostuiuc@uillinois.edu<br>Tel: 217-244-8564 | Contingent | Trade | $25,000 |

| Creditor | Contact, Mailing Address & Telephone Number/Fax Number | Whether Claim is Contingent, Unliquidated, Disputed or Subject to Setoff | Nature of Claim | Amount of Claim[2] |
|---|---|---|---|---|
| McGriff Seibels & Williams Inc. | Attn: Authorized Person<br>2211 7th Ave. S.<br>Birmingham, AL 35233<br>Tel: 404-497-7500<br>Fax: 404-497-7565 | Contingent | Trade | $25,000 |
| Occidental Chemical Corporation | Scott A. King<br>Vice President, General Counsel & Secretary<br>5005 LBJ Freeway, Ste. 220<br>Dallas, Texas 75244<br>Fax: 972-448-6631 | Contingent, Unliquidated | Indemnity | Unknown |
| Pension Benefit Guaranty Corp. | Yesica Ornelas<br>1200 K Street NW<br>Washington, DC 20005<br>Tel: (202) 326-4000, Ext. 3352<br>Fax: 202-326-4047 | Contingent, Unliquidated | Employee Benefits | Unknown |
| Aetna, Inc. | Brunella Pugliares<br>Large Case Pensions, RTTA<br>151 Farmington Ave.<br>Hartford, CT 06156<br>Tel: 860-273-2552<br>Fax: 860-262-7412 | Contingent, Unliquidated | Employee Benefits | Unknown |
| United States Environmental Protection Agency | Beth A. M. Termini<br>Office of Regional Counsel<br>Region III (3RC32)<br>841 Chestnut Building<br>Philadelphia, PA 19107 | Contingent, Unliquidated | Regulatory | Unknown |
| New Jersey Department of Environmental Protection | Leonard Romino, Assistant Director, Site Remediation Program<br>401 E. State Street<br>P.O. Box 420, 401-05D<br>Trenton, NJ 08625-0420<br>Fax: 609-292-7695 | Contingent, Unliquidated | Regulatory | Unknown |

| Creditor | Contact, Mailing Address & Telephone Number/Fax Number | Whether Claim is Contingent, Unliquidated, Disputed or Subject to Setoff | Nature of Claim | Amount of Claim[2] |
|---|---|---|---|---|
| Kentucky Department of Environmental Protection | Sheri Adkins, P.G. Supervisor – Federal Section Superfund Branch, Division of Waste Management 200 Fair Oaks Lane Frankfort, Kentucky  40601 Fax: 502-564-4245 | Contingent, Unliquidated | Regulatory | Unknown |
| Ohio Environmental Protection Agency | Timothy J. Kern Assistant Attorney General Environmental Enforcement Section, Ohio Attorney General's Office 30 East Broad Street, 25th Fl. Columbus, Ohio 43215<br><br>Regan Williams Ohio EPA, Division of Emergency and Remedial Response, Northeast District Office 2110 Aurora Road Twinsburg, Ohio 44087 Fax: 614-644-3184 | Contingent, Unliquidated | Regulatory | Unknown |
| Wisconsin Department of Natural Resources | Margaret Brunette 2300 N. M.L. King Jr. Dr. Milwaukee, WI53212 Fax: 608-261-4380 | Contingent, Unliquidated | Regulatory | Unknown |

5

Using

## DECLARATION UNDER PENALTY OF PERJURY

Pursuant to 28 U.S.C. § 1746, I, the undersigned authorized officer of Maxus Energy Corporation, *et al.*, declare under penalty of perjury that I have reviewed the foregoing consolidated list of creditors holding the 20 largest unsecured claims and that it is true and correct to the best of my information and belief.

Dated: June 17, 2016

_____
Jose Daniel Rico
President and Chief Executive Officer

ny-1236916

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MAXUS ENERGY CORPORATION, *et al.*,[1] | Case No. 16-_____ (___) |
| Debtors. | Joint Administration Pending |

## DEBTORS' CONSOLIDATED OWNERSHIP STATEMENT AND LIST OF EQUITY HOLDERS PURSUANT TO RULES 1007(a)(1), 1007(a)(3) AND 7007.1 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Pursuant to rules 1007(a)(1), 1007(a)(3) and 7007.1 of the Federal Rules of Bankruptcy Procedure, Maxus Energy Corporation ("Maxus") and its above-captioned affiliated debtors and debtors-in-possession (each, a "Debtor," and collectively, the "Debtors")[2] hereby state as follows:

1. YPF Holdings, Inc., located at 10333 Richmond Avenue, Suite 1050, Houston, Texas 77042, owns 100% of the equity interests in Maxus and indirectly owns 100% of the equity interests in the remaining Debtors.

2. Maxus owns 100% of the equity interests in each of the following Debtors: (a) Maxus International Energy Company; (b) Maxus (U.S.) Exploration Company; and (c) Gateway Coal Company.

3. CLH Holdings, Inc., located at 10333 Richmond Avenue, Suite 1050, Houston, Texas 77042, which is wholly owned by YPF Holdings, Inc., owns 100% of the equity interests

---

[1] The Debtors in the above-captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Maxus Energy Corporation (1531), Tierra Solutions, Inc. (0498), Maxus International Energy Company (7260), Maxus (U.S.) Exploration Company (2439), and Gateway Coal Company (7425). The address of each of the Debtors is 10333 Richmond Avenue, Suite 1050, Houston, Texas 77042.

[2] A chart depicting the Debtors and their non-debtor affiliates is attached as Exhibit 1 to the *Declaration of Javier J. González in Support of Chapter 11 Petitions and Requests for First Day Relief*, which will be filed on the date hereof.

ny-1236314

in Tierra Solutions, Inc.

I, Jose Daniel Rico, President and Chief Executive Officer of Maxus Energy Corporation, *et al.*, declare under penalty of perjury, on behalf of Maxus Energy Corporation and each of the other Debtors, that I have read the foregoing statement and that it is true and correct to the best of my information and belief.

Wilmington, Delaware
Dated: June 17, 2016

Maxus Energy Corporation, *et al.*

_____
Jose Daniel Rico
President and Chief Executive Officer

**RESOLUTIONS OF A SPECIAL MEETING**
**OF THE SPECIAL INDEPENDENT COMMITTEE**
**OF**
**Maxus Energy Corporation**

**June 17, 2016**

The members of the Special Independent Committee (the "<u>Committee</u>") of Maxus Energy Corporation, a Delaware company (the "<u>Company</u>"), by convening a special meeting, do hereby adopt the following resolutions in accordance with the applicable provisions of the General Corporation Law of the State of Delaware and the bylaws of the Company (the "<u>Bylaws</u>") pursuant to the authority granted to the Committee by the Company's board of directors (the "<u>Board</u>") and the Bylaws.

## THE RELEVANT DOCUMENTS

**WHEREAS**, the Committee has been presented with a proposed Debtor-in-Possession Secured Credit Agreement (the "<u>DIP Loan Agreement</u>") by and among Maxus Energy Corporation, Tierra Solutions, Inc., Maxus International Energy Company, Maxus (U.S.) Exploration Company, Gateway Coal Company and YPF Holdings, Inc. (collectively, the "<u>Relevant Parties</u>"), which has been negotiated by the Committee pursuant to the authority granted to it under Article V of the Bylaws;

**WHEREAS**, the Committee has been presented with a proposed Settlement and Release (the "<u>YPF Settlement</u>") by and among each of the Relevant Parties, YPF S.A., YPF International S.A., CLH Holdings, Inc. and YPF Services USA Corp., which has been negotiated by the Committee pursuant to the authority granted to it under Article V of the Bylaws; and

**WHEREAS**, the Committee deems it desirable for, fair to and in the best interests of the Company, its subsidiaries, creditors, and stakeholders and other parties in interest, that the Company authorize and approve, as applicable, (i) the DIP Loan Agreement and the YPF Settlement, which have been negotiated by the Committee pursuant to the authority granted to it under Article V of the Bylaws, and (ii) the execution, delivery and performance of (a) any documents applicable to the Company and relating to the DIP Loan Agreement to which the Company is a party (the "<u>DIP Loan Documents</u>"), and (b) any documents applicable to the Company and relating to the YPF Settlement to which the Company is a party (the "<u>YPF Settlement Documents</u>," and, together with the DIP Loan Documents, the "<u>Relevant Documents</u>").

NOW, THEREFORE, BE IT RESOLVED as follows:

**RESOLVED**, that the Committee hereby authorizes and approves, for and on behalf of the Board, the DIP Loan Agreement and the YPF Settlement, which have been negotiated by the Committee pursuant to the authority granted to it under Article V of the Bylaws; and it is further

**RESOLVED**, that the Committee hereby authorizes and approves, for and on behalf of the Board, the Company's execution, delivery and performance of the Relevant Documents; and it is further

**RESOLVED**, that the Committee hereby determines that each and any of the Company's President, Chief Executive Officer, Vice President, Chief Financial Officer, Director of Finance and Accounting, Treasurer, Secretary, and General Counsel (each, an "<u>Authorized Officer</u>"), acting either individually or jointly, is hereby authorized and directed to execute and deliver each of the Relevant Documents in the name and on behalf of the Company; and it is further

**RESOLVED**, that the Committee hereby determines that the consideration to be received for the approval, execution and delivery of the Relevant Documents is deemed adequate, and that such approval, execution, delivery and performance is deemed valid.

## COMMENCEMENT OF CHAPTER 11 CASE

**WHEREAS**, the Committee has extensively discussed and analyzed, in consultation with the Company's management, and financial and legal advisors, the alternatives available to the Company and has determined that seeking relief under the provisions of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") by the Company presents the best opportunity for preserving and maximizing the value of the enterprise for the benefit of the Company, its subsidiaries, creditors, employees and stakeholders and other interested parties; and

**WHEREAS,** after consideration of all factors and information the Committee deemed relevant, the Committee deems it desirable for, fair to and in the best interests of the Company, its subsidiaries, creditors, and stakeholders and other parties in interest, that the Company file or cause to be filed a voluntary petition for relief under the provisions of Chapter 11 of the Bankruptcy Code in which the authority to operate as a debtor-in-possession will be sought (the "Chapter 11 Case").

NOW THEREFORE, BE IT RESOLVED as follows:

**RESOLVED,** that the Committee hereby determines that the Company shall file a petition seeking relief under the provisions of Chapter 11 of the Bankruptcy Code (the "Petition") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and it is further

**RESOLVED**, that the Committee hereby determines that each and any of the Authorized Officers, acting either individually or jointly, after obtaining advice from the Company's financial and legal advisers and obtaining relevant information from the responsible employees of the Company, is hereby authorized and directed to execute and verify the Petition and any documents related thereto, and to cause the same to be filed in the Bankruptcy Court; and it is further

**RESOLVED**, that without limiting the generality of the foregoing, each and any of the Authorized Officers, acting either individually or jointly, is hereby authorized and directed to execute one or more declarations and other documents relating to the Petition, including without limitation an overview of the debtors' business and support for each of the motions requested in connection with the Petition, each in form and substance prepared and reviewed by the Company's financial and legal advisors and approved by such officer, the execution thereof by such officer to be conclusive evidence of such approval; and it is further

**RESOLVED**, that the Committee hereby determines that each and any of the Authorized Officers, acting either individually or jointly, is hereby authorized to employ and retain all assistance by legal counsel, accountants, financial advisors and other professionals in executing, verifying or filing the Petition with a view to the successful prosecution; and it is further

## RETENTION OF PROFESSIONALS AND PAYMENT OF FEES AND EXPENSES

**RESOLVED**, that the Committee hereby determines that the law firm of Morrison & Foerster LLP ("Morrison & Foerster") shall be employed as bankruptcy counsel to the Company under a general retainer in the Chapter 11 Case, subject to the approval of the Bankruptcy Court; and in connection therewith, any Authorized Officer is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11

2

Case, and cause to be filed an appropriate application for authority to retain the services of Morrison & Foerster; and it is further

**RESOLVED**, that the Committee hereby determines that the law firm of Young Conaway Stargatt & Taylor, LLP ("YCST") shall be employed as local bankruptcy counsel to the Company under a general retainer in the Chapter 11 Case, subject to approval of the Bankruptcy Court; and in connection therewith, any Authorized Officer is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be filed an appropriate application for authority to retain the services of YCST; and it is further

**RESOLVED**, that the Committee hereby determines that the firm of Zolfo Cooper, LLC ("Zolfo Cooper") shall be employed to provide financial advisory services to the Company in the Chapter 11 Case, subject to the approval of the Bankruptcy Court; and in connection therewith, any Authorized Officer is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be filed an appropriate application for authority to retain the services of Zolfo Cooper; and it is further

**RESOLVED**, that the Committee hereby determines that the firm of Prime Clerk LLC is employed as claims and noticing agent for the Company in the Chapter 11 Case, subject to the approval of the Bankruptcy Court; and in connection therewith, any Authorized Officer is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be filed an appropriate application for authority to retain the services of Prime Clerk; and it is further

**RESOLVED**, that any Authorized Officer is authorized, empowered, and directed to, on behalf of, and in the name of the Company, incur and pay or cause to be paid all such fees and expenses as in their judgment shall be necessary, appropriate, or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions, the making of any such payment conclusive evidence of the due authorization and approval thereof by the Committee; and it is further

**GENERAL AUTHORIZATION AND RATIFICATION**

**RESOLVED**, that each Authorized Officer is authorized and directed, consistent with these Resolutions and with the advice of counsel to the Company: (i) to negotiate, execute, deliver, certify, file and/or record, and perform, any and all of the agreements, documents, and instruments referenced herein, and such other agreements, documents, and instruments and assignments thereof as may be required or as such Authorized Officer deems appropriate or advisable, or to cause the negotiation, execution, and delivery thereof, as the case may be, in such form and substance as such Authorized Officer may approve, together with such changes and amendments to any of the terms and conditions thereof as such Authorized Officer may approve; (ii) to negotiate, execute, deliver, certify, file and/or record, and perform any agreements, documents, certificates, consents, filings, and applications relating to the Resolutions adopted and matters ratified or approved herein and the transactions contemplated thereby, and amendments and supplements to any of the foregoing, and to take such other action as may be required or as such Authorized Officer deems appropriate or advisable in connection therewith; and (iii) to do such other things as may be required, or as may in such Authorized Officer's judgment be necessary, proper, or desirable, to carry out the intent and effectuate the purposes of the Resolutions adopted and matters ratified or approved herein and the consummation of the transactions contemplated hereby; and it is further

**RESOLVED**, that any Authorized Officer be, and each of them individually is, empowered, authorized and directed, for and on behalf of the Company, to take or cause to be taken any and all such further actions, to execute and deliver or cause to be executed and delivered all such contracts, documents, instruments and agreements providing for the engagement, retention, compensation, reimbursement or expenses and indemnification of any legal counsel, accounting firm, or other such consultants, advisors and other agents, to incur and pay all such fees and expenses and to retain any such legal counsel, accounting firm, or other such consultants, advisers and other agents, in each case as they shall in their judgment determine to be necessary, desirable or advisable to carry out fully the intent and purpose of the foregoing resolutions and the execution by such Authorized Officer of any such document, instrument or agreement or the payment of any such expenses or the doing by them of any act in connection with the foregoing matters shall conclusively establish their authority therefor and the approval of the documents, instruments or agreements so executed, the expenses so paid and the actions so taken; and it is further

**RESOLVED**, that any person dealing with any Authorized Officer or Authorized Officers in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of such Authorized Officer and by his or her execution of any document or agreement, the same shall be a valid and binding obligation of the Company enforceable in accordance with its terms; and it is further

**RESOLVED**, that the Secretary or the Assistant Secretary of the Company is authorized to prepare and to certify as a resolution of the Company such additional resolutions as an Authorized Officer, acting upon advice of counsel to the Company, shall deem necessary or advisable to accomplish the purposes of the foregoing resolutions; and it is further

**RESOLVED**, that the authority given in these resolutions is retroactive and any and all actions heretofore or hereafter taken by the Authorized Officers within the terms of any of the foregoing resolutions are ratified, confirmed, and approved in all respects as the acts and deeds of the Company; and it is further

**RESOLVED**, that the Company shall indemnity, defend and hold harmless, to the fullest extent permitted by the General Corporation Law of the State of Delaware and the Bylaws, each of the Authorized Officers with respect to any legal, equitable or administrative claim of any kind whatsoever against such person in connection with, arising from or related to any actions taken by such person in connection with the foregoing resolutions.

[*Signatures Following Page*]

The foregoing resolutions may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument.

Executed as of the date first written above.

_____
Bradley I. Dietz

_____
Theodore P. Nikolis

*[Signature Page to Maxus Energy Corporation – Resolutions of the Special Independent Committee's Special Meeting]*

ny-1236901