### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

```
---------------------------------------------------------------x
                                          :   Chapter 11
In re                                     :
                                          :   Case No. 16-11501 (CSS)
MAXUS ENERGY COPORATION, et al.,29        :
                                          :   (Jointly Administered)
                        Debtors.          :
---------------------------------------------------------------x
                                          :
JOSEPH J. FARNAN JR. in his capacity as the :
LIQUIDATING TRUSTEE OF THE MAXUS         :
LIQUIDATING TRUST,                        :
                                          :   Adv. Pro. No. __-___
                        Plaintiff,        :
                                          :
            v.                            :
                                          :
WASTE MANAGEMENT,                         :
                                          :
                        Defendant.        :
---------------------------------------------------------------x
```

**COMPLAINT FOR AVOIDANCE AND RECOVERY OF
PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 & 550
AND OBJECTION TO CLAIM PURSUANT TO 11 U.S.C. § 502(D)**

Joseph J. Farnan Jr. ("Plaintiff"), in his capacity as the Liquidating Trustee of the Maxus Liquidating Trust (the "Trust"), by its undersigned attorneys, files this complaint (the "Complaint") against Waste Management (the "Defendant"), and in support thereof alleges as follows:

**NATURE OF THE ACTION**

---

29The Debtors in the above-captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Maxus Energy Corporation (1531), Tierra Solutions, Inc. (0498), Maxus International Energy Company (7260), Maxus (U.S.) Exploration Company (2439), and Gateway Coal Company (7425). The address of each of the Debtors is 10333 Richmond Avenue, Suite 1050, Houston, Texas 77042.

1.      Plaintiff seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property that occurred during the ninety (90) day period prior to the commencement of the Chapter 11 cases of Emerald Oil, Inc., and its affiliated debtors and debtors in possession (collectively, the "Debtors") pursuant to sections 547 and 550 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.      In addition, Plaintiff seeks to disallow, pursuant to section 502(d) of the Bankruptcy Code, any claim that Defendant has filed or asserted against the Debtors or that has been scheduled for Defendant.  Plaintiff does not waive but hereby reserves all of its rights and the rights of the Debtors to object to any such claim for any reason, including, but not limited to, any reason set forth in sections 502(a) through (j) of the Bankruptcy Code.

## JURISDICTION AND VENUE

3.      This court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b).

4.      Further, under the Plan (defined below), the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") retained jurisdiction over all matters arising in, arising under, and related to the above-captioned bankruptcy cases (collectively, the "Bankruptcy Cases"), which are jointly administered under Case No. 16-11501 (CSS).  More specifically, the Bankruptcy Court retained jurisdiction to decide or resolve adversary proceedings related to the Chapter 11 Cases, to resolve any dispute or any other matter that may arise in connection with or are related to the Plan or Confirmation Order (each defined below).

5.       The statutory and legal predicates for the relief sought herein are sections 502, 547 and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

6.       This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter final orders for matters contained herein.

7.       Venue is proper in this Court pursuant to 28 U.S.C. § 1409 because the Debtors' Chapter 11 cases are pending in the District of Delaware.

8.       Pursuant to Local Bankruptcy Rule 7008-1, Plaintiff states that it does consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**PROCEDURAL BACKGROUND**

9.       On June 17, 2016 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases (the "Chapter 11 Cases") are being jointly administered pursuant to Bankruptcy Rule 1015(b).

10.      On April 19, 2017, the Debtors filed the *Amended Chapter 11 Plan of Liquidation Proposed by Maxus Energy Corporation, et al. and the Official Committee of Unsecured Creditors* [Docket No. 1231] (as the same may be amended, modified, and/or supplemented from time to time, the "Plan").

11.      On May 22, 2017, the Court entered *Order Confirming Amended Chapter 11 Plan of Liquidation Proposed by Maxus Energy Corporation, et al. and The Official Committee of*

*Unsecured Creditors Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1460]

confirming the Plan (the "Confirmation Order").

12.     On July 17, 2017, the Debtors filed the *Notice of (I) Entry of Order Confirming*

*Amended Chapter 11 Plan of Liquidation, (II) Occurrence of Effective Date, and (III) Related*

*Bar Dates* [Docket No. 1701] (the "Effective Date Notice") informing parties in interest that the

Plan became effective on July 14. 2017 (the "Effective Date").

13.     On the Effective Date, the Liquidating Trust was formed.  Pursuant to Article

VI.C of the Plan, certain claims and causes of action, including avoidance actions pursuant to

chapter 5 of the Bankruptcy Code, were transferred to and retained by the Liquidating Trust.

Pursuant to Article VI.G. of the Plan, the Liquidating Trustee is empowered to investigate,

prosecute and/or settle or abandon any Causes of Action, which term is defined in the Plan to

include avoidance actions.

## THE PARTIES

14.     Pursuant to the Plan and the Confirmation Order, Plaintiff is authorized and has

standing among other things, to commence, prosecute, and compromise this cause of action.

15.     Upon information and belief, Defendant was, at all relevant times a vendor to or

creditor of the Debtors, that provided goods and services to the Debtors.  Upon further

information and belief, Defendant may be served at the following address: Waste Management,

1001 Fannin St., Suite 4000, Houston, TX 77002-6711.

## FACTUAL BACKGROUND

16.     Upon information and belief, during the ninety (90) day period prior to the

Petition Date, the Debtor identified on **Exhibit A** (the "Transferor"), which is expressly

incorporated by reference into the Complaint, made transfers (the "Avoidable Transfers") to the Defendant on the dates, and in the amounts, listed on **Exhibit A**.

17.     During the course of this proceeding, Plaintiff may learn of additional transfers made to Defendant during the Preference Period.  It is Plaintiff's intention to avoid and recover all transfers made by the Debtors of an interest of the Debtors in property and to or for the benefit of Defendant or any other transferee.  Plaintiff reserves its right to amend this original Complaint to include: (i) further information regarding the Transfer(s), (ii) additional transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action (*e.g.*, but not exclusively, 11 U.S.C. §§ 542, 544, 545, and/or 549) (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

### COUNT I – TO AVOID PREFERENTIAL TRANSFERS PURSUANT TO SECTION 547(b) OF THE BANKRUPTCY CODE

18.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 17 as if fully set forth herein.

19.     Pursuant to section 547(b) of the Bankruptcy Code, a debtor in possession may avoid any transfer of an interest of the debtor in possession in property (a) to or for the benefit of a creditor, (b) for or on account of an antecedent debt owed by the debtor in possession before such transfer was made, (c) made while the debtor in possession was insolvent, (d) made on or within 90 days, or in certain circumstances within one year, before the filing of the petition, and (e) that enables such creditor to receive more in satisfaction of its claims than it would receive in a case under chapter 7 of the Bankruptcy Code if the transfer had not been made.

20.     During the ninety (90) day period prior to the Commencement Date, the

Transferor made the Avoidable Transfers to the Defendant on the dates, and in the amounts,

listed on **Exhibt A**.

21.     The Avoidable Transfers were made to or for the benefit of Defendant, a creditor

of the Debtors.

22.     The Avoidable Transfers were for or on account of antecedent debts owed by the

Transferor to Defendant before such transfers were made.

23.     The Avoidable Transfers were made at a time when the Debtors were insolvent.

Plaintiff is entitled to the presumption of insolvency for each Transfer made during the

Preference Period pursuant to 11 U.S.C. § 547(f).

24.     The Avoidable Transfers enabled the Defendant to receive more in satisfaction of

its claim against the Debtors than it would have received in a case under chapter 7 of the

Bankruptcy Code had the payment not been made.

25.     By reason of the foregoing, Plaintiff is entitled to an order and judgment under

section 547 of the Bankruptcy Code avoiding the Avoidable Transfers.

### COUNT II – TO RECOVER AVOIDED TRANSFERS
### PURSUANT TO SECTION 550(a) OF THE BANKRUPTCY CODE

26.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1

through 25 as if fully set forth herein.

27.     Defendant was the initial transferee of the Avoidable Transfers or the immediate

or mediate transferee of such initial transferee or the person for whose benefit the Avoidable

Transfers were made.

28.     Plaintiff is entitled to recover from Defendant the Avoidable Transfers pursuant to section 550(a) of the Bankruptcy Code, to the extent they are avoided pursuant to section 547 of the Bankruptcy Code, plus interest thereon to the date of payment and the costs of this action.

### COUNT III – DISALLOWANCE OF CLAIMS
### PURSUANT TO SECTION 502(d) OF THE BANKRUPTCY CODE

29.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 28 as if fully set forth herein.

30.     Defendant is a transferee of transfers avoidable under section 547 the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

31.     Defendant has not paid the amount of the Avoidable Transfer, or turned over such property, for which Defendant is liable under 11 U.S.C. § 550.

32.     Pursuant to 11 U.S.C. § 502(d), any and all claims of Defendant and/or its assignee, against the Debtors' chapter 11 estates must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfer, plus interest thereon and costs.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant granting the following relief:

A.  On Plaintiff's First and Second Claims for Relief, judgment in favor of Plaintiff and against Defendant, avoiding all of the Avoidable Transfers and directing Defendant to return to Plaintiff the amount of the Avoidable Transfers, pursuant to 11 U.S.C. §§ 547(b) and 550(a), plus pre and post-judgment interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

B.  On Plaintiff's Third Claim for Relief, judgment in favor of Plaintiff and

against Defendant disallowing any claims held or filed by Defendant against

the Debtors until Defendant returns the Avoidable Transfers to Plaintiff

pursuant to 11 U.S.C. § 502(d); and

C.  Granting Plaintiff such other and further relief as this Court may deem just

and proper.

Dated: June 14, 2018                          Respectfully submitted,

                                              FARNAN LLP

                                              /s/ Michael J. Farnan
                                              Brian E. Farnan (Bar No. 4098)
                                              Michael J. Farnan (Bar No. 5165)
                                              919 North Market Street, 12th Floor
                                              Wilmington, DE 19801
                                              (302) 777-0300
                                              bfarnan@farnanlaw.com
                                              mfarnan@farnanlaw.com

                                              *Attorneys for the Liquidating Trust*